IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNETTE WARE as Mother and Next Friend of L.W. 1, L.W 2, D.W. minors, <br><br> Plaintiff, <br><br> v. <br><br><br> Springfield School District 186 <br><br> Jennifer Gill, Lisa Leardi, Amelia Zibutis, Brooke Almdale, Angela Royer, Ashley Dorr, Rebecca Koen, Ryan Robinson <br><br><br><br><br> Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME LYNETTE WARE in her own capacity and as Mother and Next Friend of L.W. 1, L.W 2, D.W. minors by and through their attorneys Spearman Law, LLC and complains against the Defendants: Springfield School District 186, Jennifer Gill, Gina Schurman, Lisa Leardi, Ward Lamon, Amelia Zibutis, Brooke Almdale, Angie Royer, Ashley Dorr, and Ryan Robinson allege, and states as follows:

## JURISDICTION, VENUE & EXHAUSTION

1. Plaintiffs bring this action for damages and declaratory relief arising from the Defendants' discriminatory actions. More specifically, Plaintiffs bring this action for alleged violations of the Individuals with Disabilities Education Act as well as alleged acts of disability discrimination, race discrimination and retaliation on account of disability-related advocacy.

2. Plaintiffs seek damages for violations by Defendants of Section 504 of the Rehabilitation Act of 1973, which bars discrimination against students with disabilities, including failure to provide a free appropriate public education within the meaning of the Rehabilitation Act, as well as retaliation against students or parents for disability related advocacy.

3. Families are not required to try to pursue internal processes in which districts determine whether they have violated Section 504. Parents have exhausted IDEA administrative remedies as required in order to pursue Section 504 claims with similar potential remedies.

4. The federal claims made in this action arise under and are based on the United States Constitution, 42 U.S.C. §1983 and other federal laws. Subject matter jurisdiction of the federal claims is based on 28 U.S.C. §1331 and §1343, and 42 U.S.C. §3613(a)(1)(A). This Court has supplemental jurisdiction over the claim for declaratory relief under Illinois law pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**PARTIES**

6. L.W. 1 is an African American, 18-year-old student attending Lanphier High School. She has also attended Springfield High School, both located within Springfield School District 186. L.W. 1 has Autism, Auditory Processing Disorder, Intellectual Disabilities, and Major Depressive Disorder. L.W. 1 has had an Individualized Education Plan and has received

special education services throughout her entire schooling and education. L.W. 1 lives in Springfield, Illinois and her education has been the responsibility of Springfield School District 186.

7. L.W. 2 is an African American 17-year-old girl attending Lanphier High School. She has also attended Springfield High School, both located within Springfield School District 186. L.W. 2 has Asperger's and ADHD L.W. 2 lives in Springfield, Illinois and her education has been the responsibility of Springfield School District 186.

8. D.W. is an African American 16-year-old girl attending Lanphier High School. She has also attended Springfield High School, both located within Springfield School District 186. D.W. lives in Springfield, Illinois and her education has been the responsibility of Springfield School District 186.

9. Defendant Springfield School District 186 is a governmental agency organized and existing under the laws of the State of Illinois and located within Sangamon County. Defendant is required by federal and Illinois law to provide students such as the Student Plaintiffs with a free appropriate educational program. Defendant is a "local educational agency" within the meaning of 20 U.S.C. § 1401(15) and a recipient of federal funds subject to Section 504 of the Rehabilitation Act of 1973.

10. Defendant hires staff who are aware of their obligations to students with disabilities and yet repeatedly violated those obligations with respect to the student Plaintiffs and their parents.

11. Jennifer Gill is the Superintendent of Springfield Public School District 186. Ms. Gill is being sued in her individual and official capacity.

12. Lisa Leardi is the principal of Springfield High School. Ms. Leardi is being sued in her individual and official capacity.

13. Ward Lamon is the Executive Director of Student Support of Springfield Public School District 186. Mr. Ward is being sued in his individual and official capacity.

14. Amelia Zibutis is the Assistant Director of Student Support Services of Springfield Public School District 186. Ms. Zibutis is being sued in her individual and official capacity.

15. Brooke Almdale is Special Education Department Chair at Springfield High School. Ms. Almdale is being sued in her individual and official capacity.

16. Angie Royer is the School Resource Officer for Springfield High School. Ms. Almdale is being sued in her individual and official capacity.

17. Ashley Dorr is the Dean of Administration for Springfield High School. Ms. Dorr is being sued in her individual and official capacity.

18. Rebecca Koen is an English Teacher for Springfield High School. Ms. Koen is being sued in her individual and official capacity.

19. Ryan Robinson is the Assistant Principal Springfield High School. Mr. Robinson is being sued in his individual and official capacity.

## FACTS COMMON TO ALL COUNTS

20. In 2022, Plaintiffs L.W. 1, D.W. and L.W. 2 attended Lanphier High School.

21. Plaintiff mad a complaint alleging that a substitute teacher made a sexual advance toward L.W. 1.

22. The Defendant School District did not impose any disciplinary measures toward the substitute teacher nor did the District inform the police.

23. The substitute teacher continued to stare at L.W. 1, making her uncomfortable.

24. Furthermore, L.W. 1 was threatened by another student.

25. Ms. Ware subsequently filed a police report for both incidents.

26. In response, the Defendant granted L.W. 1 a "safety transfer" to Springfield High School.

27. L.W. 2 was also granted a transfer from Lanphier High School to Springfield High School under the District's "sibling transfer" policy.

28. Initially, the Defendant School District attempted to send L.W. to Southeast High School which had a predominantly Black student population.

29. However, Ms. Ware pushed for her daughter to transfer to Springfield High School.

30. Upon arrival at Springfield High School, L.W. 1 was pulled from class by security and escorted to the principal's office without cause or justification.

31. L.W. 1 was interrogated by teachers and staff members pertaining to her and L.W. 2's school transfer.

32. L.W. 1 and L.W. 2's parents were not present or informed about this conversation.

33. The Defendants regularly had conversations pertaining to disciplinary action with Plaintiff Students without the presence of their parents or without notifying their parents.

34. Defendants asked the following questions: "How did you get into this school?", Did your parents move to a new home?"

35. The Defendants also made the following statement: "Lanphier High School students are not allowed to transfer to Springfield High School."

36. Moreover, students at Springfield high made the following comments: "L.W. 1 is pretty for a girl who is Black".

37. Other students made monkey noises toward L.W. 1.

38. Despite numerous complaints by Ms. Ware, the Defendant, Jennifer Gill failed to intervene.

39. Ms. Ware attempted to speak with Defendant, Principal Lisa Leardi concerning the issue, but Defendant Leardi refused to communicate with Plaintiff.

40. Furthermore, Defendant, Principal Lisa Leardi had Defendant, Angela Royer, the school resource police officer escort Ms. Ware out of the school, without cause or justification.

41. Defendant, Angela Royer did not escort parents of White or non-disabled students out of the building who would come to the school to speak with the principal.

42. Defendant, Angela Royer did not escort parents who had not engaged in disability related advocacy out of the school who would come to the school to speak with the principal.

43. After Plaintiff complained about Defendant Leardi, the Defendants went on a campaign to harass Plaintiff's children.

44. For example, the Defendants treated Plaintiffs, L.W. 1, L.W 2, D.W. differently than similarly situated White Students.

45. For instance, the Defendant, Ashley Dorr segregated L.W. 1, L.W 2, D.W during lunch, forcing them to eat in the guidance counselor's office while White and non-disabled students ate in the cafeteria.

46. The Defendants punished Plaintiffs, L.W. 1, L.W 2, D.W. more severely and frequently than similarly situated White Students.

47. The Defendants' security and administrators conducted unnecessary surveillance of Plaintiffs, L.W. 1, L.W 2, D.W. without cause and justification.

48. The Defendants' security and administrators do not conduct surveillance of White students in the same manner.

49. Defendant, Ashely Door searched L.W 1's purse without cause or justification.

50. The Defendant administer policies and procedures differently between Plaintiffs, L.W. 1, L.W 2, D.W. and White Students.

51. For instance, where the Defendant's policy calls for a verbal warning, the Defendant gave Ms. Ware's children office referrals.

52. Defendant Ashley Dorr administered punishment toward L.W.1 without cause or justification.

53. For example, Defendant, Ashley Dorr told another faculty member that if L.W.1 gets another disciplinary referral "we can get her kicked off the track team."

54. Defendant, Ashley Dorr administered the punishment without cause or justification.

55. After Plaintiffs complained, Defendants' administration and leadership failed to intervene.

56. Plaintiffs also requested that L.W. 1 is assigned to a different classroom due to the name calling and bullying.

57. Defendant, Ryan Robinson refused to assign L.W. 1 to another class unless she was moving to a more "advanced class". (Defendants know that this would be an impediment due to L.W. 1's disabilities)

58. However, in order to protect L.W.1 from further bullying, Plaintiff Mother was forced to move L.W. 1 to "Advanced English".

59. When L.W.1 was admitted to Advanced English, Defendant, Rebecca Koen read L.W. 1's IEP in front of the entire class of students and then told L.W. "moving to her class was not a good fit."

60. To "add insult to injury", the Defendants consistently failed to follow L.W. 1's IEP plan.

61. More specifically, Defendants Ryan Robinson, Lisa Leardi, and Rebecca Kohen failed to allow L.W. 1 extra time to complete testing in accordance with L.W. 1's IEP.

62. As a result, L.W. 1 received failing grades.

63. On or about August of 2023, Plaintiffs and Defendants had a mediation.

64. During that meeting, an agreement was reached regarding L.W. 1's IEP.

65. Defendants have failed to follow the agreed upon IEP Plan.

66. More specifically, Defendant Ward Lamon intentionally excluded L.W. 1's IEP goals.

67. The Defendants Lisa Leardi and Ryan Robinson also amended the Plaintiff's 504 plan and removed Plaintiff's signatures without consent.

68. Additionally, Defendants Amelia Zibutis and Brooke Almdale conspired with Defendants Lisa Leardi and Ryan Robinson to amend Plaintiff's 504 Plan without Plaintiff's consent.

69. Defendants, Amelia Zibutis and Brooke Almdale deliberately withheld information from Plaintiff pertaining to her rights to appeal the Defendants' IEP decision.

70. Furthermore, Defendant Ward Lamon breached the mediation agreement.

71. Defendant, Jennifer Gill "turned a blind eye" to Plaintiff Ware's numerous complaints.

72. As a result of the Defendants' actions, Plaintiff L.W. 1 was hospitalized for suicidal ideations, stress, and anxiety.

## COUNT ONE
## Springfield School District 186
## Individuals with Disabilities Education Improvement Act of 2004

73. Plaintiffs repeat and reallege paragraphs 1-72 and incorporates same by reference as though fully set out herein.

74. The Defendants have discriminated against Plaintiffs as complained of herein.

75. Defendants have failed to implement and follow Plaintiff's IEP plan.

76. Defendants have treated similarly situated students with no disabilities more favorably than Plaintiffs.

77. By virtue of their actions, the Defendants deprived Plaintiffs on the account of disability the same right to education enjoyed by similarly situated White and non-disabled students.

78. The Defendants' actions have caused the Plaintiffs to suffer significant harm and damages.

## COUNT TWO
## Springfield School District 186
## Individuals with Disabilities Education Improvement Act of 2004
## INDIVIDUAL LIABILITY

79. Plaintiffs repeat and reallege paragraphs 1-78 and incorporates same by reference as though fully set out herein.

80. A claim under 42 U.S.C. § 1983 allows a person to seek redress against a government actor, or a person acting under the color of state law, for violations of the constitution, state and/or federal law that result in harm.

81. The Seventh Circuit has indicated that Section 1983 may be available to address IDEA violations.

82. Springfield School District 186 receives funding for special education through a combination of federal flow through funds, state and local funds.

83. A relationship existed between the Plaintiffs and the individuals who made decisions regarding their education.

84. Individual Defendants had an affirmative duty to ensure that Plaintiffs received a free appropriate public education.

85. Individual Defendants ignored requirements under IDEA and repeatedly ignored Plaintiff, L.W. 1's IEP requirements.

86. Individual Defendants treated Plaintiffs differently than they did other students with and without disabilities and did so under color of law.

87. These actions individually and combined by Defendants were taken with deliberate indifference towards L.W. 1's status as a student with a disability, in violation of

Springfield School District 186 's own policies and clear legal requirements, had no relationship to any legitimate educational or other objective, were in violation of clearly established law, and served to cause ongoing and substantial harm to him.

88. The Defendants' actions have caused the Plaintiffs to suffer significant harm and damages.

## COUNT THREE
## Violations of Section 504 of the Rehabilitation Act
## 29 S.C. § 794 – Disability-Based Discrimination

89. Plaintiffs repeat and reallege paragraphs 1-88 and incorporates same by reference as though fully set out herein.

90. L.W. 1 is a student with a specific disability which adversely affects her ability to learn.

91. As a result, L.W. 1 meets the definition of a person with disability under Section 504 of the Rehabilitation Act.

92. Springfield School District 186 is a covered entity under Section 504 by virtue of its receipt of federal funds.

93. In violation of Section 504, L.W. 1's educational needs were not met by Springfield School District 186 adequately as the educational needs of nondisabled students.

94. Springfield School District 186 knew that its actions violated L.W.1's rights and knew that its actions would adversely affect her education and mental health. The Defendants by their actions and inactions set forth above violated and continues to violate Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (Section 504), and the regulations promulgated thereunder, 34 C.F.R. Part 104, by denying a free appropriate public education pursuant to Section 504 and its implementing regulations as well as discriminating against Plaintiffs on the basis of L.W.1's disabilities.

95. As a direct and proximate result of the Defendants' violation of Section 504, L.W. 1 faces sharply reduced prospects for success in education, employment and community living, and L.W. 1 and her mother has suffered physical symptoms, anxiety, mental anguish, emotional distress, lost earnings, out-of-pocket costs, and damage to reputation, social and educational development and personal relations, in an amount to be ascertained according to proof at trial. Staff acted in some cases knowingly, and in other instances with reckless disregard for the impact of their acts and omissions.

96. The Defendants' actions have caused the Plaintiffs to suffer significant harm and damages.

**COUNT FOUR**
**Against Springfield School District 186**
**Violations of Section 504 of the Rehabilitation Act**
**29 U.S.C. § 794 – Retaliation for Disability-Related Advocacy**

97. Plaintiffs repeat and reallege paragraphs 1-96 and incorporates same by reference as though fully set out herein.

98. L.W. 1. is a person with a known disability. These disabilities substantially limit major life activities including academic study and socialization. As a result, L.W. 1 meets the definition of a person with disability under Section 504 of the Rehabilitation Act.

99. L.W 1's mother has advocated on her behalf.

100. Springfield School District 186 is a covered entity under Sec. 504 by virtue of its receipt of federal funds.

101. Springfield School District 186 has retaliated against Plaintiffs in the following respects:

   a. Springfield School District 186 actively refused to meet with L.W.1, LW.2, and D.W's mother to discuss their education,

   b. Defendants treated White and non-disabled students more favorably than L.W.1, LW.2, and D.W's.

   c. Defendant altered L.W.1's 504 plan without approval,

   d. Defendant failed removed L.W.1's IEP without cause or justification; and

   e. The Defendant by its actions and inactions set forth above, has violated and continues to violate Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (Section 504), and the regulations promulgated thereunder, 34 C.F.R. Part 104, by retaliating against Plaintiffs and their mother because of advocacy on their behalf.

102. As a direct and proximate result of the Defendant's retaliatory practices that have blocked necessary communications related to L.W. 1's education, violating Section 504, L.W.1 faces sharply reduced prospect for success in education, employment and community living, and L.W. 1 and her mother have suffered and continue to suffer injuries, pain, anxiety, mental anguish, emotional distress, lost earnings, out-of-pocket costs, and

damage to reputation, social and educational development and personal relations, in an amount to be ascertained according to proof at trial.

103. Defendants acted knowingly in treating Plaintiffs and their mother adversely because of her efforts to advocate on her son's behalf.

**COUNT FIVE**
**Against Springfield School District 186**
**Violations of the 14th Amendment to the Constitution of the United States – Discrimination based on race**
**Pursuant to 42 U.S.C. § 1983**

104. Plaintiffs repeat and reallege paragraphs 1-103 and incorporates same by reference as though fully set out herein.

105. The 14th Amendment of the Constitution of the United States prohibits discrimination based on race. It is enforceable via 42 U.S.C. § 1983.

106. The Defendants has enabled racially discriminatory practices as complained of herein.

107. The Defendants' actions have caused the Plaintiffs to suffer significant harm and damages.

***PRAYER FOR RELIEF***

WHEREFORE, Plaintiffs respectfully request that this Court Direct Defendants to:

*108.* Remedy Springfield School District 186's violations of the Individuals With Disabilities Education Act by*:*

   a. Determining that Defendants have violated the rights of Plaintiffs under the Individuals with Disabilities Education Improvement Act of 2004 and awarding reimbursement to the extent that parents were able to provide services at their own expense; ordering compensatory education to the extent required to compensate for services which

   b. Awarding attorneys' fees and costs in the event that plaintiffs prevail.

    c. Remedy Springfield School District 186 disability discrimination and retaliation in violation of the Rehabilitation Act of 1973 by:

        i. Determining that Defendants have violated the rights of Plaintiffs under Section 504 of the Rehabilitation Act of 1973 and award monetary damages according to proof, at a jury trial, for emotional and physical pain and suffering inflicted on Plaintiffs and their mother as well as injunctive relief to prevent future denials of equal educational opportunity.

        ii. Awarding attorneys' fees and costs in the event that Plaintiffs prevail with respect to Section 504 claims.

109. Grant relief under Section 1983 by:

    a. Ordering Defendants to compensate Plaintiffs monetarily for opportunities lost, time spent, emotional and physical distress experienced, and expenses incurred in connection with their violations of IDEA's procedural and substantive provisions.

    b. Award such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Kendra D. Spearman
**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com